JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-01124-RGK-AGRx | Date | March 22, 2016 |
|---|---|---|---|
| Title | *DOUGLAS HOPPER v. AMERICAN ARBITRATION ASSOCIATION, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**    (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss (DE 24)

### I. INTRODUCTION

On November 9, 2015, Douglas Hopper ("Plaintiff") filed a Complaint against American Arbitration Association, Inc. ("Defendant") in the Southern District of New York. On January 5, 2016, Plaintiff filed a First Amended Complaint ("FAC") alleging the following claims: (1) Violations of New York General Business Law § 349; (2) Violations of New York General Business Law § 350; (3) Fraudulent Inducement; (4) Negligent Misrepresentation; (5) Breach of Contract; (6) Breach of the Covenant of Good Faith and Fair Dealing; (7) Unfair and Deceptive Business Practices Violating California Business & Professions Code § 17200; (8) Violations of California Business & Professional Code § 17500; and (9) Equitable Relief.

On February 5, 2016, the Southern District of New York sua sponte transferred this case to the Central District of California. Presently before the Court is Defendant's Motion to Dismiss the FAC. For the following reasons, the Court **GRANTS** Defendant's Motion.

### II. FACTUAL BACKGROUND

Plaintiff alleges the following facts:

In 2014, Plaintiff filed an action against Blue Cross of California ("Blue Cross") in a California state court over a payment dispute. The judge in that case found that there was an adhesion contract requiring Plaintiff to bring a claim in arbitration if he wished to continue. Plaintiff had a choice between various arbitration companies. In June 2014, Plaintiff reviewed Defendant's direct mail and website pages to gather information about its services. Plaintiff then filed a Demand for Arbitration with Defendant whereby Defendant would provide neutral arbitrators to resolve Plaintiff's payment dispute with Blue Cross.

However, according to an article in the *New York Times* and an article in the Employee Rights and Employment Practice Journal from 1997, arbitrators are not neutral because they unfairly favor big corporations as they are independent contractors always "looking for the next assignment." Plaintiff relied on Defendant's consumer-directed mail pieces and would have never agreed to arbitration if he had known about the built-in prejudice of the arbitration system in June 2014.

During the pendency of arbitration, the arbitration panel made a decision that blocked Plaintiff from litigating under ERISA. To date, Plaintiff has paid Defendant more than $101,000 in fees. If the arbitration panel had not blocked Plaintiff from litigating under ERISA, his court costs would have been $400.

## III.   JUDICIAL STANDARD

Under Rule 12(b)(6), dismissal for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."*Iqbal*, 556 U.S. at 678. When ruling on a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court shall not consider facts outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## IV.   DISCUSSION

Defendant moves to dismiss Plaintiff's FAC because all Plaintiff's claims are barred under the doctrine of arbitral immunity. Additionally, Defendant argues Plaintiff's FAC fails to state a claim. The Court agrees that Plaintiff's claims are barred by arbitral immunity and thus does not analyze whether Plaintiff has failed to state a claim.

The Ninth Circuit has held that the doctrine of immunity provides that "arbitrators are immune from civil liability for acts within their jurisdiction arising out of their arbitral functions in contractually agreed upon arbitration hearings." *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987). Arbitral immunity, however, does not extend to every act of an arbitrator. Arbitral immunity extends only to those acts taken by arbitrators "within the scope of their duties and within their jurisdiction." *Id.* "The pivotal question is whether the claim at issue arises out of a decisional act." *Sacks v. Dietrich*, 663 F.3d 1065, 1070 (9th Cir. 2011). "If the claim, regardless of its nominal title, effectively seek[s] to challenge the decisional act of an arbitrator or arbitration panel . . . then the doctrine of arbitral immunity should apply. If not, the doctrine would not apply." *Id.*

Defendant attacks the entirety of Plaintiff's complaint based on the doctrine of arbitral immunity. In response, Plaintiff argues only that the doctrine does not shield Defendant from Plaintiff's false advertising and breach of contract claims. Therefore, the Court deems Plaintiff's silence regarding the other claims as consent to dismissal of those claims based on arbitral immunity.

As to plaintiff's false advertising and breach of contract claims, Plaintiff alleges the same common set of facts giving rise to all his claims, *i.e.*, Defendant failed to provide a "neutral" arbitrator.

In support, Plaintiff alleges the following specific facts: (1) Plaintiff's arbitration panel blocked him from litigating under ERISA; (2) Defendant's arbitrators are not its employees, but rather independent contractors; and (3) Defendant does not guarantee its arbitrators continuing employment and thus they are exposed to the pressures of the marketplace, resulting in a strong bias in favor of big business. (FAC ¶5-8, 47.) Plaintiff argues that the doctrine of arbitral immunity does not apply here because the conduct giving rise to his claims is not integral to the arbitration process and not alleged against a specific judge acting in a judicial capacity. Rather, Plaintiff argues, the complaint implicates an organization and its decision to falsely advertise its services. Plaintiff is wrong.

Courts have recognized that, similar to judicial proceedings, arbitration proceedings require the need for independent judgments that are free from fear of legal action. *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1209 (6th Cir. 1982). To that end, both California and federal courts have held that an arbitrator – and by extension, his or her sponsoring organization – is immune from liability for "partiality" or bias. *Stasz v. Schwab*, 17 Cal. Rptr. 3d 116, 129-30 (Ct. App. 2004); *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999); *Int'l Union, United Auto., etc. v. Greyhound Lines, Inc.*, 701 F.2d 1181, 1185-87 (6th Cir. 1983); *Saavedra v. City of Albuquerque*, 859 F. Supp. 526, 532 (D.N.M. 1994). This holding conforms to the parameters of the doctrine, as allegations of bias necessarily implicate the arbitrator's decisional acts. Courts have applied this holding where a litigant sues under a breach of contract theory for failure to provide an arbitrator who is neutral. *Stasz*, 17 Cal. Rptr. 3d at 129-30.

Here, Plaintiff seeks liability under the same theory of breach of contract, which courts have expressly barred under the doctrine of arbitral immunity. Under the same rationale, Plaintiff's other claims should also fail, as they are also grounded in Plaintiff's allegation of bias. Finding otherwise would allow litigants to circumvent arbitral immunity and the protections it affords by asserting a claim for bias that is merely cloaked as a false advertising claim.

The heart of Plaintiff's complaint involves a disgruntled litigant who believes his arbitration panel made biased decisions against him. For this claim, Plaintiff is not left without a remedy, as he can file a Petition to Vacate at the conclusion of his proceedings.

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's FAC.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
|  | Initials of Preparer |  |